UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                           Case No. 13-80467-WRS
                                                Chapter 13
WILLIAM T. McLEMORE,

      Debtor

## MEMORANDUM DECISION

This case came before the Court for hearing on the Debtor's motion to extend the automatic stay. (Doc. 21). For the reasons set forth below, the Debtor's motion is DENIED.

### I. FACTS

The Debtor filed a petition pursuant to Chapter 13 of the Bankruptcy Code on October 22, 2010, initiating Case No. 10-81639. The Debtor made only 55% percent of the payments which came due under that Case. (Case No. 10-81639, Doc. 58). The Court dismissed the case on March 6, 2013, (Case No. 10-81639, Doc. 60), for material default under the terms of the plan.

The Debtor filed a petition in bankruptcy pursuant to Chapter 7 on March 28, 2013, three weeks after their prior case had been dismissed. On May 30, 2013, the Debtor moved to convert his case to a case under Chapter 13. (Doc. 21). At the same time, the Debtor moved to extend the automatic stay sixty-three days after the date of the petition. (Doc. 21).

## II. LAW

The automatic stay is governed by 11 U.S.C. § 362. Generally speaking, a debtor filing a petition under bankruptcy law enjoys the protection of an automatic stay against all proceedings, debt collection attempts, and creditor activities. 11 U.S.C. § 362(a). In the typical case, the debtor is protected by the automatic stay for the duration of the bankruptcy proceedings. A creditor seeking relief from the automatic stay is required to request such relief from the bankruptcy court, showing cause, such as a lack of adequate protection. 11 U.S.C. § 362(d). However, the application of the automatic stay is more limited in an instance where the debtor had a previous bankruptcy case within the last year preceding the filing of the current petition. In that scenario, a debtor filing a new bankruptcy case within a year of their previous case, the automatic stay only operates for thirty days. 11 U.S.C. § 362 (c)(3)(A). The stay in such a case can only be extended by the Court, upon request by the debtor by way of a timely motion to extend the automatic stay.

The extension of the automatic stay is explained in 11 U.S.C. § 362(c)(3), which provides:

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

2

> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

11 U.S.C. § 362(c)(3)(A)-(B). In seeking to extend the automatic stay, the debtor must overcome two statutory hurdles. The first is the statutory presumption that the most recent case is not filed in good faith, a presumption that the debtor must rebut. The second is that the motion to extend the stay must be filed in sufficient time for notice to be given all creditors and a hearing completed before the thirty day period runs. Failure to meet either requirement is ample reason for an extension of the stay to be denied.

Having had a prior case pending within the preceding year, the Debtor fits within the provisions of § 362(c)(3). The Debtor's first bankruptcy case was dismissed on March 6, 2013, and he filed his current case on March 28, 2013. Therefore, the automatic stay in the current case terminated by operation of § 362(c)(3)(A) on April 27, 2013. Here, it is arguable that the Debtor had failed to pass the first hurdle, and quite clear that the second hurdle has been unfulfilled. The motion to extend the automatic stay was filed sixty-three days after the petition date. Because of the untimeliness of the motion, it is impossible for the Court to give notice and complete a hearing within the statutorily prescribed thirty days.

The automatic stay in this case has long since expired and cannot be revived by way of a late motion. This case presents an almost identical scenario to one decided previously by this Court in In re Berry, 340 B.R. 636 (Bankr. M.D. Ala. 2006) (Sawyer, J.). In Berry, this Court

3

declined to extend the automatic stay where the debtor's motion was not filed until sixty-four days after the date of the petition. This Court held that such a tardy motion could not be decided on its merits, and to even entertain such a motion would undermine the elaborate scheme of BAPCPA and the Bankruptcy Code. Id. at 637. This Court's decision in Berry underscored the principle that "[t]here is nothing in the language of § 362(c) which suggests that the Court may impose a stay once the thirty-day period has expired." Id. Indeed, it is routine for bankruptcy courts to deny such late-filed motions to extend the automatic stay. In re Covert, 355 B.R. 327 (Bankr. N.D. Fla. 2006) (denying extension of stay where the motion was filed on the thirtieth day after the petition was filed); In re Ajaka, 370 B.R. 426 (Bankr. N.D. Ga. 2007) (denying motion to extend the stay as untimely where the motion was filed thirty days after the petition, but no hearing was held until more than thirty days out); In re McKenzie, 2009 WL 6499332 (Bankr. N.D. Ga. 2009) (denying extension of the stay where motion was filed before the thirty day period expired, but was filed too late to have a hearing held within thirty days); In re Campbell, 2007 WL 3026949 (Bankr. M.D. Ala. 2007) (Williams, C.J.).

### III. CONCLUSION

The Debtor's motion to extend the automatic stay, filed sixty-three days after the petition date, fails to meet the requirement of § 362(c)(B) that such a motion be filed, served on all creditors, and heard by the Court within thirty days. The automatic stay has expired for this

Debtor, and this untimely motion cannot reimpose the automatic stay. For these reasons, the

Debtor's motion is DENIED.

Done this 16th day of July, 2013.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Marrell J. McNeal, Attorney for Debtor
   Curtis C. Reding, Trustee
   All Creditors